UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE JPMORGAN TREASURY FUTURES SPOOFING LITIGATION | Case No. 1:20 Civ. 03515 <br><br> Hon. Paul A. Engelmayer |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | |

### [PROPOSED]
### ORDER AWARDING ATTORNEYS' FEES, PAYMENT OF EXPENSES, AND INCENTIVE AWARDS TO CLASS PLAINTIFFS

This matter came before this Court for a duly noticed hearing on ___May 31, 2022___ (the "Fairness Hearing"), upon Class Counsel's Motion for an Award of Attorneys' Fees and Payment of Expenses and Class Plaintiffs' Request for Incentive Awards (the "Fee and Expense Application") in the above-captioned action ("Action"). The Court has considered the Fee and Expense Application and all supporting and other related materials, including the matters presented at the Fairness Hearing. Due and adequate notice of the Stipulation and Agreement of Settlement with JPMorgan Chase & Co., J.P. Morgan Clearing Corp. J.P. Morgan Securities LLC, and J.P. Morgan Futures, Inc. (collectively, "JPMorgan") entered into on September 8, 2021 ("Settlement Agreement")[1] (ECF No. 69-1), having been given to the Class Members; the Fairness Hearing having been held; and the Court having considered all papers filed and proceedings conducted herein, having found the Settlement of the Action to be fair, reasonable and adequate, and otherwise being fully informed in the premises and good cause appearing therefore,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

---

[1] Unless otherwise defined herein, all capitalized terms used herein shall have the same meanings set forth and defined in the Settlement Agreement.

1.     This Court has personal jurisdiction over Class Plaintiffs, JPMorgan, and all Class Members who have not timely and validly requested exclusion and subject matter jurisdiction over the Action to approve the Settlement Agreement and all exhibits attached thereto.

2.     Notice of the Fee and Expense Application was provided to potential Class Members in a reasonable manner, and such notice complies with Rule 23(h)(1) of the Federal Rules of Civil Procedure and due process requirements.

3.     The Court hereby awards Class Counsel attorneys' fees of  33.33 % of the Settlement Fund less any Court-approved litigation expenses and Incentive Awards (or $ 5,117,163.68 ), and litigation expenses of $ 303,508.96 , together with interest earned thereon for the same time period and at the same rate as that earned on the Settlement Fund until paid.

4.     Class Counsel are hereby authorized to allocate the attorneys' fees award among Plaintiffs' Counsel in a manner in which, in Class Counsel's good faith judgment, reflects the contributions of such counsel to the institution, prosecution, and settlement of the Action.

5.     In making this award of attorneys' fees and payment of litigation expenses, the Court has considered and found that:

   a.    the Settlement Agreement with JPMorgan has created a fund of $15,700,000 in cash that JPMorgan has paid into escrow pursuant to the terms of the Settlement Agreement;

   b.    Class Members who or which submit valid Proofs of Claim and Release will benefit from settlement reached because of the efforts of Class Counsel;

   c.    Class Counsel have prosecuted the Action and achieved the Settlement with skill, perseverance, and diligent advocacy;

d.  The Action involves numerous complex factual and legal issues and was actively litigated;

e.  Had Class Counsel not achieved the Settlement with JPMorgan, there would remain a significant risk that Class Plaintiffs and the Settlement Class may have recovered less or nothing from JPMorgan;

f.  The contingent nature, risks and complexity of the Action favor the fee percentage awarded above;

g.  Public policy considerations support the requested fee, as only a small number of firms have the requisite expertise and resources to successfully prosecute cases such as the Action;

h.  Notice was disseminated to members of the Settlement Class stating that Class Counsel would be moving for an award of attorneys' fees in an amount up to 33 1/3 % of the Settlement Fund and payment of litigation expenses and costs not to exceed $500,000, plus interest; and

i.  The amount of attorneys' fees awarded and expenses to be paid from the Settlement Fund are fair and reasonable in view of the applicable legal principles and the particular facts and circumstances of the Action.

6.  The Court hereby awards Class Plaintiffs Incentive Awards totaling $ 45,000 , to be shared equally among the nine Class Plaintiffs, for their service as class representatives in this Action.

7.  Without affecting the finality of this Order in any way, this Court hereby retains continuing jurisdiction over the Parties and the Class Members for all matters relating to this Action, including the administration, interpretation, effectuation, or enforcement of this Order.

8. In the event that the Settlement is terminated or the Effective Date does not occur in accordance with the terms of the Settlement, this Order shall be null and void, of no further force or effect, and without prejudice to any of the Parties, and may not be introduced as evidence or used in any actions or proceedings by any Person against the Parties.

9. Pursuant to the Settlement Agreement, the attorneys' fees, expenses award and incentive awards are independent of the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement and is also independent of the Court's consideration of the Distribution Plan.

10. The attorneys' fees, payment of expenses, and Incentive Awards awarded herein may be paid to Class Counsel from the Settlement Fund immediately upon entry of this Order, subject to the terms, conditions, and obligations of the Settlement Agreement which terms, conditions, and obligations are incorporated herein.

**IT IS SO ORDERED.**

Date: _____June 3_____, 2022

_____
The Honorable Paul A. Engelmayer
United States District Judge