UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE JPMORGAN TREASURY FUTURES SPOOFING LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br>ALL ACTIONS | Case No.: 1:20-cv-03515<br><br>Hon. Paul A. Engelmayer |

[PROPOSED]
FINAL APPROVAL ORDER AND FINAL JUDGMENT

This matter came before the Court for a duly-noticed hearing on ___May 31___, 20_22_ (the "Fairness Hearing"), upon Class Plaintiffs'[1] Motion for Final Approval of Class Action Settlement with JPMorgan[2], which was consented to by JPMorgan (together with Class Plaintiffs, the "Parties"). Due and adequate notice of the Settlement Agreement[3] having been given to the Class Members, the Fairness Hearing having been held and the Court having considered all papers filed and proceedings had herein, and otherwise being fully informed in the premises and good cause appearing therefore,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1. This Final Approval Order and Final Judgment hereby incorporates by reference the definitions in the Settlement Agreement and all terms used herein, except as otherwise expressly defined herein, shall have the same meanings as set forth in the Settlement Agreement.

2. The Court finds that it has subject matter jurisdiction under 28 U.S.C. § 1331 to enter this Final Approval Order and Final Judgment and has personal jurisdiction over Class Plaintiffs and JPMorgan (in this Action only and for purposes of this Settlement only) and all Class Members.

3. For purposes only of the settlement of the Released Claims set forth in the Stipulation and Agreement of Settlement (the "Settlement"), the Court hereby finally certifies the Settlement Class, as defined in the Court's December 9, 2021 Order Preliminarily Approving Proposed Settlement, Scheduling Hearing for Final Approval Thereof, and Approving the

---

[1] "Class Plaintiffs" are Charles Herbert Proctor, III, Synova Asset Management, LLC, Robert Charles Class A, L.P., Thomas Gramatis, Budo Trading LLC, Kohl Trading LLC, M & N Trading, L.L.C., Port 22, LLC, and Rock Capital Markets, LLC.

[2] "JPMorgan" collectively refers to Defendants JPMorgan Chase & Co., J.P. Morgan Clearing Corp. (now known as J.P. Morgan Securities LLC), J.P. Morgan Securities LLC, and J.P. Morgan Futures, Inc. (now known as J.P. Morgan Securities LLC).

[3] The "Settlement Agreement" is the Stipulation and Agreement of Settlement between Class Plaintiffs and JPMorgan entered into on September 8, 2021 (ECF No. 69-1).

Proposed Form and Program of Notice to the Class (the "Preliminary Approval Order"). ECF No. 74. Based on the record, the Court reconfirms that the applicable provisions of Rule 23 of the Federal Rules of Civil Procedure have been satisfied for purposes only of the Settlement.

4.  In so holding, the Court finds that, solely for purposes of settlement, the Settlement Class meets all of the applicable requirements of FED. R. CIV. P. 23(a) and (b)(3). The Court hereby finds, in the specific context of this Settlement, that: (i) the Settlement Class is so numerous that joinder of all Class Members is impracticable, FED. R. CIV. P. 23(a)(1); (ii) common questions of law and fact exist with regard to JPMorgan's alleged manipulation of the market for U.S. Treasury Futures or Options on U.S. Treasury Futures traded on United States-based exchanges, including but not limited to the Chicago Mercantile Exchange, including its subsidiary the Chicago Board of Trade, and the prices of U.S. Treasury Futures or Options on U.S. Treasury Futures, FED. R. CIV. P. 23(a)(2); (iii) Class Plaintiffs' claims in this litigation are typical of those of the Class Members, FED. R. CIV. P. 23(a)(3); and (iv) Class Plaintiffs' interests do not conflict with, and are co-extensive with, those of absent Class Members, all of whose claims arise from the identical factual predicate, and Class Plaintiffs and Class Counsel have adequately represented the interests of all Class Members, FED. R. CIV. P. 23(a)(4). The Court also finds that common issues of fact and law predominate over any questions affecting only individual members and that a class action is superior to other available methods for fairly and efficiently adjudicating this controversy. FED. R. CIV. P. 23(b)(3). Class Plaintiffs are certified as representatives of the Settlement Class. Pursuant to FED. R. CIV. P. 23(g), Lowey Dannenberg, P.C. and Kirby McInerney LLP are certified as Class Counsel for the Settlement Class.

5.  The Court finds that the mailed notice, publication notice, website, and Class Notice plan implemented pursuant to the Settlement Agreement and the Court's Preliminary Approval

Order: (a) constituted the best practicable notice; (b) constituted notice that was reasonably calculated, under the circumstances, to apprise Class Members of the pendency of this Action, of their right to exclude themselves from or object to the proposed Settlement, of their right to appear at the Fairness Hearing, of the Distribution Plan, of Class Counsel's application for an award of attorneys' fees and reimbursement of expenses associated with the Action, and of Class Plaintiffs' application for any Incentive Award; (c) provided a full and fair opportunity to all Class Members to be heard with respect to the foregoing matters; and (d) met all applicable requirements of Federal Rule of Civil Procedure 23, due process, and any other applicable rules or law. Based upon JPMorgan's submission to the Court dated October 1, 2021, 2022 the Court further finds that JPMorgan has complied with the obligations imposed on them under the Class Action Fairness Act of 2005, 28 U.S.C. § 1715.

6. The Court finds that __0__ Class Members have validly requested to be excluded from the Settlement Class as it relates to the Settlement. ~~Those excluded members of the Settlement Class are identified at ECF No. ____.~~

7. The Court finds that __0__ timely objections to the proposed Settlement have been submitted. Notwithstanding the [lack of] objections, the Court has independently reviewed and considered all relevant factors and has conducted an independent examination into the propriety of the proposed Settlement. ~~[The Court finds all objections are without merit and they are hereby overruled.]~~

8. It is hereby determined that Class Plaintiffs and the Releasing Parties are bound by the Settlement Agreement and this Final Approval Order and Final Judgment, and the Action and the Released Claims against any of the Released Parties, as provided under the Settlement

Agreement, are hereby dismissed with prejudice and released. The Parties shall bear their own costs, except as otherwise provided in the Settlement Agreement.

9. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby finally approves the Settlement, as set forth in the Settlement Agreement. This Court finds that the Settlement meets all requirements of Rule 23(e) of the Federal Rules of Civil Procedure and is, in all respects, fair, reasonable and adequate, and in the best interests of the Settlement Class, including Class Plaintiffs. This Court further finds that the Settlement set forth in the Settlement Agreement is the result of arm's-length negotiations between experienced counsel representing the interests of the Parties, that Class Counsel and Class Plaintiffs adequately represented the Settlement Class for the purpose of entering into and implementing the Settlement Agreement, that the relief provided for the Settlement Class is adequate, and that the Settlement Agreement and Distribution Plan treats Class Members equitably relative to each other. Accordingly, the Settlement embodied in the Settlement Agreement is hereby approved in all respects. The Parties are hereby directed to carry out the Settlement Agreement in accordance with all of its terms and provisions, including the termination provisions.

10. Notwithstanding the entry of this Final Approval Order and Final Judgment, if the Settlement Agreement is validly terminated by Class Plaintiffs or JPMorgan, is disapproved in whole or in part by the Court, any appellate court, or any other court of review, or does not become Final, then the provisions of this Final Approval Order and Final Judgment dismissing Class Plaintiffs' claims shall be null and void with respect to such Settlement; Class Plaintiffs' claims shall be reinstated; JPMorgan's defenses shall be reinstated; the certification of the Settlement Class and final approval of the proposed Settlement, and all actions associated with them, including but not limited to any requests for exclusion from the Settlement previously submitted

and deemed to be valid, shall be vacated and be of no force and effect; the Settlement Agreement, including its exhibits, and any and all negotiations, documents, and discussions associated with it and the releases set forth herein, shall be without prejudice to the rights of any Party, and of no force or effect; and the Parties shall be returned to their respective positions before the Settlement Agreement was signed. Notwithstanding the language in this Section, any provision(s) in the Settlement Agreement that the Parties have agreed shall survive its termination shall continue to have the same force and effect intended by the Parties.

11.  The Settlement Fund defined in the Settlement Agreement has been established as a trust and shall be established as a fiduciary account (the "Settlement Fiduciary Account"). The Court further approves the establishment of the Settlement Fiduciary Account under the Settlement Agreement as a qualified settlement fund pursuant to Section 468B of the Internal Revenue Code of 1986, as amended, and the Treasury Regulations promulgated thereunder.

12.  Without affecting the finality of the Final Approval Order and Final Judgment for purposes of appeal, the Court reserves exclusive jurisdiction over the implementation and enforcement of the Settlement Agreement and the Settlement contemplated thereby and over the enforcement of this Final Approval Order and Final Judgment. The Court also retains exclusive jurisdiction to resolve any disputes that arise out of or relate to the Settlement Agreement, the Settlement, or the Settlement Fund, to consider or approve administration costs and fees, including but not limited to fees and expenses incurred to administer the Settlement after the entry of the Final Approval Order and Final Judgment, and to consider or approve the amounts of distributions to Class Members. In addition, without affecting the finality of this Final Approval Order and Final Judgment, Class Plaintiffs, JPMorgan, and the Settlement Class hereby irrevocably submit to the exclusive jurisdiction of the United States District Court for the Southern District of New

York for any suit, action, proceeding, or dispute arising out of or relating to this Final Approval Order and Final Judgment or the Settlement Agreement. Any disputes involving Class Plaintiffs, JPMorgan, or Class Members concerning the implementation of the Settlement Agreement shall be submitted to the Court.

13. Each Class Member must execute a release and covenant not to sue in conformity with the Settlement Agreement, as incorporated into the Proof of Claim and Release form, in order to receive the Class Member's share(s), if any, of the Net Settlement Fund defined in the Settlement Agreement. The Court hereby confirms the appointment of A.B. Data, Ltd. as Settlement Administrator and directs that the Settlement Administrator shall ensure that each Proof of Claim and Release form provided to Class Members contains a copy of such release and covenant not to sue. However, each Class Member's claims shall be released pursuant to Section 11 of the Settlement Agreement, regardless of whether the Class Member executes a release and covenant not to sue pursuant to this paragraph 13.

14. The Court hereby approves the Releasing Parties'[4] releases of the Released Claims[5] against the Released Parties[6] as set forth in the Settlement Agreement and this Final Approval Order and Final Judgment and, upon the Effective Date, the Releasing Parties shall release and be deemed to release and forever discharge and shall be forever enjoined from prosecuting the Released Claims against the Released Parties.[7]

---

[4] "Releasing Parties" or "Releasing Party" means each and every Class Plaintiff and each and every Settlement Class Member on such Person or entity's own behalf and on behalf of their respective predecessors, successors and assigns, direct and indirect parents, subsidiaries and affiliates, and on behalf of their current and former officers, directors, employees, agents, principals, members, trustees, participants, representatives, fiduciaries, beneficiaries or legal representatives in their capacity as such, and the predecessors, successors, heirs, executors, administrators and assigns of each of the foregoing in their capacity as such, whether or not they object to the Settlement or make a claim for payment from the Settlement Amount. Notwithstanding that the United States Government is excluded from the Settlement Class, with respect to any Settlement Class Member that is a government entity, Releasing Parties include any Settlement Class Member as to which the government entity has the legal right to release such claims. As used in this provision, "affiliates" means entities controlling, controlled by, or under common control with a Releasing Party. For the avoidance of doubt, the "Releasing Parties" include all Persons entitled to bring or release claims on behalf of Settlement Class Members, relating to their transactions in U.S. Treasury Futures or Options on U.S. Treasury Futures who do not validly opt out of the settlement.

[5] "Released Claims" means any and all manner of claims, including unknown claims, causes of action, cross-claims, counter-claims, charges, liabilities, demands, judgments, suits, obligations, debts, setoffs, rights of recovery, or liabilities for any obligations of any kind whatsoever (however denominated), whether class, derivative, or individual, in law or equity or arising under constitution, statute, regulation, common law, ordinance, contract, or otherwise in nature, for fees, costs, penalties, fines, debts, expenses, attorneys' fees, and damages, whenever incurred, and liabilities of any nature whatsoever (including joint and several), known or unknown, suspected or unsuspected, asserted or unasserted, which Settlement Class Members or any of them ever had, now has, or hereafter can, shall or may have, directly, representatively, derivatively or in any other capacity, against the Released Parties arising from or relating in any way to any of the facts, conduct, or events that arise from the factual predicate of and were or could have been alleged or asserted in the Action against the Released Parties in any way involving or concerning U.S. Treasury Futures or Options on U.S. Treasury Futures purchased, sold, held, traded, and/or transacted by the Class Plaintiffs, Class Members, and/ or Settlement Class Members during the Class Period, including, but not limited to, any alleged manipulation or spoofing of U.S. Treasury Futures or Options on U.S. Treasury Futures, or the defense or settlement of such claims. Provided, however, Released Claims do not include: (a) general commercial disputes about U.S. Treasury Futures or Options on U.S. Treasury Futures that are not based on the factual predicate of the Action; (b) claims relating to the enforcement of the Settlement; and (c) claims against the Released Parties for unlawful, anticompetitive, manipulative or deceptive conduct accomplished through JPMorgan's trading in U.S. Treasury bills, notes, and bonds; and (d) any Excluded Claims.

[6] "Released Parties" or "Released Party" means JPMorgan, its predecessors, successors and assigns, its past and present direct and indirect parents, subsidiaries and affiliates, and each of their respective current and former officers, directors, employees, managers, members, partners, agents (in their capacity as agents of JPMorgan), shareholders (in their capacity as shareholders of JPMorgan), attorneys, insurers, or legal representatives, and the predecessors, successors, heirs, executors, administrators, and assigns of each of the foregoing. As used in this provision, "affiliates" means entities controlling, controlled by, or under common control with a Released Party.

[7] Although the foregoing release is not a general release, such release constitutes a waiver of Section 1542 of the California Civil Code (to the extent it applies to the Action), which provides as follows:

7

15. The Court declares that the Settlement Agreement and the Final Approval Order and Final Judgment shall be binding on, and shall have *res judicata* and preclusive effect in, all pending and future lawsuits or other proceedings against a Released Party involving the Released Claims that are maintained by or on behalf of Class Plaintiffs and each Releasing Party, whether or not they object to the Settlement and whether or not they make a claim for payment from the Net Settlement Fund, regardless of whether the Releasing Party previously initiated or subsequently initiates individual litigation or other proceedings involving the Released Claims, and even if such Releasing Party never received actual notice of the Action or this proposed Settlement.

16. The Court permanently bars and enjoins Class Plaintiffs and all Releasing Parties from: (a) filing, commencing, prosecuting, intervening in, or participating (as class members or otherwise) in any other lawsuit or administrative, regulatory, arbitration, or other proceeding in any jurisdiction against JPMorgan or any of the Released Parties based on the Released Claims; (b) filing, commencing, or prosecuting a lawsuit or administrative, regulatory, arbitration, or other proceeding as a class action on behalf of any Class Members (including by seeking to amend a pending complaint to include class allegations or seeking class certification in a pending action),

---

A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

This release also constitutes a waiver of any and all provisions, rights, and benefits of any federal, state or foreign law, rule, regulation, or principle of law or equity that is similar, comparable, equivalent to, or which has the effect of, Section 1542 of the California Civil Code. The Settlement Class Members acknowledge that they are aware that they may hereafter discover facts in addition to, or different from, those facts which they know or believe to be true with respect to the subject matter of this Settlement Agreement, but that it is their intention to release fully, finally, and forever all of the Released Claims, and in furtherance of such intention, the release shall be irrevocable and remain in effect notwithstanding the discovery or existence of any such additional or different facts. In entering and making this Settlement Agreement, the Parties assume the risk of any mistake of fact or law and the release shall be irrevocable and remain in effect notwithstanding any mistake of fact or law.

against JPMorgan or any of the Released Parties based on the Released Claims; or (c) organizing Class Members into a separate group, class, or subclass for purposes of pursuing as a purported class action any lawsuit or administrative, regulatory, arbitration, or other proceeding (including by seeking to amend a pending complaint to include class allegations, or seeking class certification in a pending action) against JPMorgan or any of the Released Parties based on the Released Claims.

17. The Court permanently bars and enjoins claims by any Person against the Released Parties for contribution, indemnification, or similar claims (however denominated) for all or a portion of any amounts paid or awarded in the Action by way of settlement, judgment, or otherwise. To the extent permitted by law, the Court permanently bars and enjoins claims by JPMorgan and any Released Parties for contribution, indemnification, or similar claims (however denominated) for all or a portion of any amounts paid or awarded in the Action by way of settlement, judgment, or otherwise against (a) any other defendant named in the Action; (b) any other Person formerly named as a party in the Action; or (c) any other Person subsequently added or joined as a party in the Action. Should any court determine that any defendant is/was legally entitled to any kind of set-off, apportionment, contribution, indemnification, or similar claims from JPMorgan arising out of or related to Released Claims, any money judgment subsequently obtained by the Releasing Parties against any defendant shall be reduced to an amount such that, upon paying the entire amount, the defendant would have no claim for set-off, apportionment, contribution, indemnification, or similar claims against JPMorgan.

18. Neither the Settlement Agreement (nor its exhibits), whether or not it shall become Final, nor any negotiations, documents exchanged among counsel for Class Plaintiffs and JPMorgan in connection with settlement discussions, and discussions associated with them, nor

the Final Approval Order and Final Judgment are or shall be deemed or construed to be an admission, adjudication, or evidence of: (a) any violation of any statute or law or of any liability or wrongdoing by JPMorgan or any Released Party; (b) the truth of any of the claims or allegations alleged in the Action; (c) the incurrence of any damage, loss, or injury by any Person; (d) the existence or amount of any manipulation of the market for U.S. Treasury Futures or Options on U.S. Treasury Futures and the prices of U.S. Treasury Futures or Options on U.S. Treasury Futures; or (e) the propriety of certification of a class other than solely for purposes of the Settlement. Further, neither the Settlement Agreement (nor its exhibits), whether or not it shall become Final, nor any negotiations, documents exchanged among counsel for Class Plaintiffs and JPMorgan in connection with settlement discussions, and discussions associated with them, nor the Final Approval Order and Final Judgment, may be discoverable, offered or received in evidence, or used directly or indirectly, in any way, whether in the Action or in any other action or proceeding of any nature, by any Person, except if warranted by existing law in connection with a dispute under the Settlement Agreement or an action (including this Action) in which the Settlement Agreement is asserted as a defense. Notwithstanding anything to the contrary herein, the foregoing provisions do not relieve the Parties of their obligations under the Parties' Mediation Confidentiality Agreement, dated November 24, 2020, which applies to the Mediation Information provided by JPMorgan to Class Plaintiffs in connection with the Settlement or the Action. The Parties, without the need for approval from the Court, may adopt such amendments, modifications, and expansions of the Settlement Agreement and all exhibits thereto as (i) shall be consistent in all material respects with the Final Approval Order and Final Judgment; and (ii) do not limit the rights of Settlement Class Members.

19. The Court finds that, during the course of the Action, the Parties and their respective counsel at all times complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure as to each other. Any data or other information provided by Class Members in connection with the submission of claims shall be held in strict confidence, available only to the Settlement Administrator, Class Counsel, and experts or consultants acting on behalf of the Settlement Class. In no event shall a Class Member's data or personal information be made publicly available, except as provided for herein or upon Court Order for good cause shown.

20. The Proof of Claim and Release form, Distribution Plan, and the Supplemental Agreement referenced in Sections 7 and 19 of the Settlement Agreement are each approved as fair, reasonable, and adequate.

21. The Settlement Administrator shall administer the claims administration process, including the calculation of claims submitted by Class Members and distribution of the Net Settlement Fund to Authorized Claimants, pursuant to the Court-approved Distribution Plan. All Class Members shall submit a Proof of Claim and Release ("Claim") under penalty of perjury by the date set forth in the Notice of Proposed Class Action Settlement, [~~DATE~~] 5/31/22 Fairness Hearing Thereon, and Class Members' Rights ("Notice") sent to Class Members. Class Counsel may, in their discretion, accept for processing late-submitted Claims so long as the distribution of the Net Settlement Fund is not materially delayed.

22. If a Claim is deficient, the Settlement Administrator shall send the Class Member a deficiency letter which will give the Class Member at least twenty (20) days to cure the deficiency. If the Class Members fails to cure the deficiency within the specified period, the Settlement Administrator shall send the Class Member a letter notifying the Class Member that the Claim has been rejected. The rejection letter will advise the Class Member of the reason(s) for

11

the rejection of the Claim and his, her, or its right to review the determination of the Claim. If the Claim is still rejected, the Class Member shall then be allowed to move this Court for review within seven (7) days after Class Counsel submits an application for the distribution of the Net Settlement Fund to eligible claimants.

23. Separate orders shall be entered regarding approval of Class Counsel's Fee and Expense Application. Such orders shall in no way affect or delay the finality of this Final Approval Order and Final Judgment and shall not affect or delay the Effective Date of the Settlement.

24. The word "days," as used herein, means calendar days. In the event that any date or deadline set forth herein falls on a weekend or federal or state legal holiday, such date or deadline shall be deemed moved to the first Business Day thereafter.

25. The Court directs that this Final Approval Order and Final Judgment shall be Final and entered forthwith.

**IT IS SO ORDERED.**

Signed this 3d day of June, 2022

*Paul A. Engelmayer*
―――――――――――――――――
The Honorable Paul A. Engelmayer
United States District Judge